## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 26 CAPITAL ACQUISITION CORP., | Case No. 25-11323 (KBO) |
| Debtor. | |

## DEBTOR'S PLAN OF LIQUIDATION

CROSS & SIMON, LLC
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
csimon@crosslaw.com
kmann@crosslaw.com

-and-

NIXON PEABODY LLP
Richard C. Pedone (pro hac vice)
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 345-1000
rpedone@nixonpeabody.com

-and-

Christopher J. Fong (pro hac vice)
55 West 46th Street
New York, NY 10036
Telephone: (212) 940-3000
cfong@nixonpeabody.com

*Counsel to the Debtor*
*and Debtor in Possession*

Table of Contents

Page

SECTION 1.    DEFINITIONS AND INTERPRETATION ....................................................... 1

SECTION 2.    TREATMENT OF ADMINISTRATIVE CLAIMS, PRIORITY TAX
CLAIMS, AND U.S. TRUSTEE FEES ............................................................ 7

2.1    Administrative Claims ......................................................................................... 7

2.2    Fee Claims ........................................................................................................... 8

2.3    Priority Tax Claims.............................................................................................. 8

2.4    U.S. Trustee Fees ................................................................................................. 8

SECTION 3.    CLASSIFICATION AND TREATMENT OF CLAIMS AND
INTERESTS..................................................................................................... 8

3.1    Classification and Specification of Treatment of Claims ..................................... 8

3.2    Classes of Claims ................................................................................................ 9

SECTION 4.    ACCEPTANCE OR REJECTION OF THE PLAN........................................ 10

4.1    Impaired Classes Vote ....................................................................................... 10

4.2    Presumed Acceptance of Plan............................................................................ 10

4.3    Presumed Rejection of the Plan ......................................................................... 11

4.4    Voting Classes ................................................................................................... 11

4.5    Nonconsensual Confirmation............................................................................. 11

SECTION 5.    MEANS FOR IMPLEMENTATION OF PLAN ........................................... 11

5.1    Funding for this Plan .......................................................................................... 11

5.2    Implementation .................................................................................................. 11

5.3    Corporate Action................................................................................................ 11

5.4    Vesting of Assets in the Debtor ......................................................................... 11

5.5    Continuing Existence ......................................................................................... 11

5.6    Causes of Action ................................................................................................ 12

5.7    Agreements, Instruments, and Documents ......................................................... 12

5.8    Closing of the Debtor's Chapter 11 Case ........................................................... 12

5.9    Corporate Dissolution ........................................................................................ 12

5.10   Bar Date for Fee Claims .................................................................................... 12

5.11   Bar Date for Other Administrative Claims ......................................................... 12

5.12   Further Authorization......................................................................................... 13

1

Table of Contents (continued)

Page

SECTION 6.    POWERS AND DUTIES OF DEBTOR POST-CONFIRMATION ............... 13

6.1    Powers and Duties.................................................................................... 13

6.2    Reporting.................................................................................................. 14

SECTION 7.    EXECUTORY CONTRACTS ......................................................... 14

7.1    Rejection of Contracts............................................................................. 14

7.2    Rejection Damages .................................................................................. 15

SECTION 8.    DISTRIBUTION PROVISIONS ...................................................... 15

8.1    No Distributions on Account of Claims That Have Not Become Allowed Claims ...................................................................................................... 15

8.2    Reserves for Claims That Have Not Become Allowed Claims ................ 15

8.3    Persons Responsible for Distribution of Plan Consideration.................... 16

8.4    Unclaimed Cash ...................................................................................... 16

8.5    Unnegotiated Distribution Checks ........................................................... 16

8.6    Fractional Dollars.................................................................................... 16

8.7    Distribution Dates ................................................................................... 16

8.8    Bankruptcy Code Sections 509, and 510 ................................................ 16

8.9    Distributions to be Applied First to Administrative and Priority Claims ................... 17

8.10    Estimation of Claims.............................................................................. 17

8.11    Chapter 5 Provisions ............................................................................. 17

8.12    Third-Party Agreements......................................................................... 17

8.13    Orders Respecting Claims Distribution ................................................. 17

8.14    Objections to Claims.............................................................................. 18

8.15    Settlement of Disputed Claims .............................................................. 18

8.16    Setoffs ................................................................................................... 18

8.17    Distribution Cap..................................................................................... 18

8.18    De Minimus Distributions....................................................................... 18

8.19    Withholding Taxes.................................................................................. 18

8.20    Distribution Record Date ....................................................................... 19

Table of Contents (continued)

Page

SECTION 9.        SETTLEMENT ................................................................................... 19

SECTION 10.       EFFECTS OF PLAN CONFIRMATION ...................................................... 19

    10.1   Satisfaction of Claims ................................................................................... 19

    10.2   Interest on Claims ....................................................................................... 20

    10.3   Releases by the Debtor ................................................................................ 20

    10.4   Exculpation ............................................................................................... 20

    10.5   Injunction ................................................................................................. 20

    10.6   No Recourse .............................................................................................. 21

    10.7   Abandoned Property .................................................................................... 21

    10.8   Term of Stays ............................................................................................ 21

    10.9   Retention of Jurisdiction .............................................................................. 22

    10.10  Failure of the Court to Exercise Jurisdiction .................................................... 23

SECTION 11.       MISCELLANEOUS PROVISIONS ............................................................ 23

    11.1   Revocation of this Plan ................................................................................ 23

    11.2   Preservation and Application of Insurance ....................................................... 23

    11.3   Successors and Assigns ................................................................................ 23

    11.4   Computation of Time ................................................................................... 24

    11.5   Notices .................................................................................................... 24

    11.6   Headings .................................................................................................. 24

    11.7   Severability ............................................................................................... 25

    11.8   Validity and Enforceability ........................................................................... 25

    11.9   Controlling Documents ................................................................................ 25

    11.10  Reservation of Rights .................................................................................. 25

    11.11  Governing Law .......................................................................................... 25

26 Capital Acquisition Corp., as a debtor and debtor in possession, proposes the following plan of liquidation for the resolution of outstanding Claims against the Debtor pursuant to Chapter 11 of title 11 of the United States Code.  The Debtor is the proponent of this Plan and accompanying Disclosure Statement within the meaning of Bankruptcy Code Section 1129.  Capitalized terms used herein shall have the meanings ascribed to them in Section 1 of this Plan.

All holders of Claims against the Debtor are encouraged to read this Plan, the Disclosure Statement and other Plan Documents in their entirety before voting to accept or reject this Plan.  The Plan Documents, once filed, shall be available (i) for review in the office of the clerk of the Bankruptcy Court during normal hours of operation of the Bankruptcy Court, or (ii) by email request to Debtor's counsel.  Holders of Claims may also obtain a copy of the Plan Documents by contacting counsel for the Debtor by a written request sent to the above address.  Each of the Plan Documents is an integral part of this Plan and is hereby incorporated by reference and made a part of this Plan.

## SECTION 1.    DEFINITIONS AND INTERPRETATION

### A.    Definitions

The following terms used herein shall have the respective meanings defined below:

1.1    ***Administrative Claim*** means a Claim for payment of an administrative expense or cost of a kind specified in Bankruptcy Code Section 503(b) and referenced in Bankruptcy Code Sections 507(a)(2), 507(b) or 1114(e)(2) including, without limitation, the actual, necessary costs and expenses of preserving the Estate and operating the businesses of the Debtor, including wages, taxes incurred by the Estate and allowed as administrative expenses, and salaries, or commissions for services rendered after the commencement of this Chapter 11 Case; provided, however, the term does not include Fee Claims or U.S. Trustee Fees, which are treated separately in this Plan.

1.2    ***Administrative Claims Bar Date*** means the deadline for filing all requests for allowance and payment of Administrative Claims, which, except in the case of Fee Claims, shall be fourteen (14) days after the Effective Date.

1.1    ***Allowed*** means, with reference to any Claim and except as otherwise expressly set forth in this Plan, (i) a Claim (a) listed in the Schedules and not described on the Schedules as zero, disputed, unliquidated or contingent or (b) described in a timely Filed proof of claim and, in each case, as to which no objection or request for estimation has been Filed on or before any deadline therefor set by the Bankruptcy Court or the expiration of such other applicable period fixed by the Bankruptcy Court or the Plan; (ii) a Claim as to which and solely to the extent any timely objection has been Filed is settled, waived, withdrawn or denied by a Final Order or in accordance with the Plan; or (iii) a Claim that is allowed (a) by a Final Order, (b) by an agreement between the holder of such Claim and the Debtor or (c) pursuant to the terms of the Plan.  An Allowed Claim (i) includes a disputed Claim to the extent such disputed Claim becomes Allowed after the Effective Date and (ii) shall be net of any valid setoff exercised with respect to such Claim pursuant to the provisions of the Bankruptcy Code and

1

applicable law. Unless otherwise specified in this Plan, in Section 506(b) of the Bankruptcy Code or by Final Order of the Bankruptcy Court, "Allowed" Claims shall not, for purposes of distribution under the Plan, include interest on such Claim accruing from and after the Petition Date.

1.2     ***Assets*** means all assets and property of the Debtor of any nature whatsoever, including, without limitation, all property of the Estate pursuant to Bankruptcy Code Section 541, Cash, Causes of Action, equipment, inventory, tax refunds, claims of right, interests and property, real and personal, tangible and intangible, and proceeds of any of the foregoing.

1.3     ***Bankruptcy Code*** means Chapter 11 of title 11 of the United States Code, as now in effect or hereafter applicable to this Chapter 11 Case.

1.4     ***Bankruptcy Court* or *Court*** means the United States Bankruptcy Court for the District of Delaware and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom, or any successor thereto that may be established by any act of Congress, or otherwise, and which has competent jurisdiction over the Chapter 11 Case or the Plan.

1.5     ***Bankruptcy Rules*** means the Federal Rules of Bankruptcy Procedure, as amended, and the local rules of the Court, as applicable to this Chapter 11 Case.

1.6     ***Business Day*** means any day of the calendar week, except Saturday, Sunday, a "legal holiday," as defined in Bankruptcy Rule 9006(a), or any day on which commercial banks are authorized or required by law to close in Wilmington, Delaware.

1.7     ***Cash*** means cash and cash equivalents including, without limitation, checks and wire transfers.

1.8     ***Causes of Action*** means any claim, cause of action, controversy, demand, agreement, right (including to legal or equitable remedies), action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law.  Causes of Action also include:  (a) any right of setoff, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity; (b) the right to object to Claims or Interests; (c) any claim pursuant to Section 362; (d) any claim or defense including fraud, mistake, duress, and usury, and any other defenses set forth in Section 558 of the Bankruptcy Code; (e) any state law fraudulent transfer claim; and (f) any claim pursuant to Sections 502(d), 544, 545, 547, 548, 550, 552(b) or 553 of the Bankruptcy Code.

1.9     ***Chapter 11*** means chapter 11 of the Bankruptcy Code.

1.10     ***Chapter 11 Case*** means the above-captioned case.

2

1.11     ***Claim*** means a claim, as defined by Bankruptcy Code Section 101(5), against the Debtor or its Assets, whether or not asserted.

1.12     ***Class*** means a class or category of Claims as classified and described in **<u>Section 3</u>** of this Plan.

1.13     ***Confirmation Date*** means the date on which the clerk of the Court enters the Confirmation Order on the Court's docket.

1.14     ***Confirmation Hearing*** means the hearing on confirmation of this Plan pursuant to Bankruptcy Code Section 1129.

1.15     ***Confirmation Order*** means the order entered by the Court confirming this Plan in accordance with Chapter 11 of the Bankruptcy Code.

1.16     ***Cramdown*** means the confirmation of this Plan pursuant to Section 1129(b) of the Bankruptcy Code notwithstanding any rejection by an impaired Class or Classes of holders of Claims or Interests of this Plan.

1.17     ***Creditor*** means a holder of a Claim.

1.18     ***Debtor Released Claims*** has the meaning provided in **<u>Section 10.3</u>** of this Plan.

1.19     ***Debtor*** means 26 Capital Acquisition Corp., as a debtor and debtor in possession, and includes its Estate, where appropriate.

1.20     ***Disclosure Statement*** means the Disclosure Statement with respect to the Debtor's Plan of Liquidation, as altered, modified, or amended in accordance with the Bankruptcy Code and the Bankruptcy Rules.

1.21     ***Disclosure Statement Hearing*** means the hearing on the Debtor's request to approve the Disclosure Statement pursuant to Bankruptcy Code Section 1125.

1.22     ***Distribution Record Date*** means the Confirmation Date, unless a different date is designated by the Confirmation Order or other order of the Bankruptcy Court.

1.23     ***District Court*** means the United States District Court for the District of Delaware and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom, or any successor thereto.

1.24     ***Effective Date*** means the date upon which the Confirmation Order becomes a Final Order.

1.25     ***Estate*** means the estate of the Debtor created by the Debtor's Chapter 11 Case pursuant to Bankruptcy Code Section 541.

3

1.26    ***Exculpated Claim*** means any claim against an Exculpated Party related to any act or omission in connection with, relating to or arising out of the Debtor's in or out of court restructuring efforts, the Chapter 11 Case, formulation, preparation, dissemination, negotiation or filing of the Disclosure Statement or this Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement or this Plan, the filing of the Chapter 11 Case, the pursuit of confirmation of this Plan, the administration and implementation of this Plan, or the distribution of property under the Plan or any other related agreement; ***provided***, ***however***, that Exculpated Claims shall not include any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct or fraud.  For the avoidance of doubt, no Cause of Action, obligation or liability specifically identified in or preserved by the Plan, or the Disclosure Statement constitutes an Exculpated Claim.

1.27    ***Exculpated Party*** means each of: (i) each professional retained by the Debtor in the Chapter 11 Case, and (ii) the Debtor's Sole Director.  Exculpated Party also means, with respect to post-Petition Date conduct only, the Debtor and its current and former officers, directors, members, managers, employees, attorneys and advisors, each solely in their respective capacities as such.

1.28    ***Fee Claim*** means a Claim for compensation for legal or other professional services and related reimbursement of expenses under Bankruptcy Code Sections 328, 330(a), 331, and/or 503(b).

1.29    ***File*** **or** ***Filed*** means properly filed with the clerk of court of the Bankruptcy Court in the Chapter 11 Case, as reflected on the official docket of the clerk of court of the Bankruptcy Court for the Chapter 11 Case.

1.30    ***Final Order*** means an order or judgment of the Bankruptcy Court or any other court of competent jurisdiction that has not been reversed, vacated, or stayed and as to which (a) the time to appeal, petition for certiorari, or move for a stay, new trial, reargument, or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for stay, new trial, reargument, or rehearing shall then be pending or (b) if an appeal, writ of certiorari, stay, new trial, reargument, or rehearing has been sought, (i) such order or judgment shall have been affirmed by the highest court to which such order was appealed, certiorari shall have been denied, or a stay, new trial, reargument, or rehearing shall have been denied or resulted in no modification of such order, and (ii) the time to take any further appeal, petition for certiorari, or move for a stay, new trial, reargument or rehearing shall have expired; provided, however, that the possibility that a motion under Section 502(j) of the Bankruptcy Code, Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure may be, but has not been, filed with respect to such order shall not cause such order not to be a Final Order.

1.31    ***Impaired*** means, with respect to any Class, that such Class is "impaired" under the Plan within the meaning of Section 1124 of the Bankruptcy Code.

1.32    ***Interest*** means the interest of any holder of an equity security of any Debtor, within the meaning of Bankruptcy Code Section 101(16), (17), represented by any issued and outstanding shares of common or preferred stock or other instrument evidencing a present ownership or membership interest in any of the Debtor, or any membership interest in any of the Debtor, whether or not transferable, or any option, warrant, or right, contractual or otherwise, to acquire any such interest, including a partnership, limited liability company or similar interest in a Debtor.

1.33    ***Lien*** has the meaning set forth in section 101(37) of the Bankruptcy Code.

1.34    ***Person*** means an individual, corporation, partnership, limited liability company, joint venture, association, joint stock company, trust, estate, unincorporated organization, governmental unit, government (or agency or political subdivision thereof), or other entity, including, without limitation, the Debtor.

1.35    ***Petition Date*** means July 11, 2025

1.36    ***Plan*** means this Plan of Liquation Under Chapter 11 of the Bankruptcy Code, as altered, modified, or amended in accordance with the Bankruptcy Code and the Bankruptcy Rules.

1.37    ***Plan Documents*** means the Plan, the Disclosure Statement, the Plan Supplement and all exhibits and schedules attached thereto, either in their present form or as each may be amended, supplemented, or otherwise modified from time to time.

1.38    ***Plan Supplement*** means a supplemental appendix to this Plan, containing certain documents and forms of documents, schedules, and exhibits relevant to the implementation of this Plan, as may be amended, modified, or supplemented from time to time in accordance with the terms hereof and the Bankruptcy Code and Bankruptcy Rules, which may include (i) the Schedule of Retained Causes of Action, and (ii) the amount of the Post Confirmation Administrative Reserve. Through the Effective Date, the Debtor shall have the right to amend any schedules, exhibits, or amendments to any of the documents contained in, and exhibits to, the Plan Supplement.

1.39    ***Post Confirmation Administrative Reserve*** means the Cash reserve in an amount equal to the remaining funds held by the Debtor after payment or reserve for Administrative Claims, Fee Claims, Priority Tax Claims, claims for U.S. Trustee Fees, Secured Tax Claims, and Unsecured Priority Claims.   The amount of the Post Confirmation Administrative Reserve shall be disclosed in the Plan Supplement.

1.40    ***Priority Tax Claim*** means a Claim of a governmental unit of a kind entitled to priority under Bankruptcy Code Section 507(a)(8).

1.41    ***Professionals*** means all professionals employed in this Chapter 11 Case pursuant to Bankruptcy Code Sections 327 or 1103.

1.42    ***Released Claims*** has the meaning provided in Section 10.4 of this Plan.

1.43    ***Released Parties*** means the Debtor's current management, including its Sole Director.

1.44    ***Retained Causes of Action*** means the Causes of Action retained by the Debtor, as listed in the Schedule of Retained Causes of Action.

1.45    ***Schedule of Retained Causes of Action*** means a schedule to be filed as part of the Plan Supplement of Causes of Action to be retained by the Debtor.

1.46    ***Schedules*** means the schedules of assets and liabilities and the statements of financial affairs filed by the Debtor as required by Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as amended or supplemented through the Effective Date.

1.47    ***Secured Claim*** means when referring to a Claim: (a) secured by a Lien on property in which the Debtor has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Final Order of the Bankruptcy Court, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the creditor's interest in the Debtor's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code; or (b) Allowed pursuant to the Plan, or separate Final Order of the Bankruptcy Court, as a secured claim.

1.48    ***Secured Tax Claim*** means any Secured Claim that, absent its secured status, would be entitled to priority in right of payment under Bankruptcy Code Section 507(a)(8) (determined irrespective of any time limitations therein), and including any related Secured Claim for penalties.

1.49    ***Settlement Funds*** means the approximately $10.5 million paid pursuant to the UEC Settlement Agreement, which funds are currently held in a client funds account at PNC Bank pursuant to the *Order and Partial Final Judgment* entered by the Court of Chancery of the State of Delaware on February 13, 2025 in *26 Capital Acquisition Corp. v. Tiger Resorts Asia Ltd, et al.,* C.A. 2023-0128-JTL.

1.50    ***Sole Director*** means Jason Ader, solely in his capacity as the sole director of the Debtor.

1.51    ***Sponsor*** means 26 Capital Holdings, LLC.

1.52    ***Sponsor Claim*** means any Claim of Sponsor against the Debtor.

1.53    ***UEC Settlement Agreement*** means that certain Settlement Agreement, dated November 9, 2023, by and among the Debtor, Sponsor, Tiger Resort Asia Ltd., Tiger Resort, Leisure and Entertainment, Inc., UE Resorts International, Inc., Project Tiger Merger Sub, Inc.

1.54    ***Unsecured Claim*** means a Claim that is (a) not secured by property of the Estate or otherwise entitled to treatment as a Secured Claim under Bankruptcy Code Section 506,

(b) is not otherwise entitled to priority under Bankruptcy Code Sections 503 or 507, and/or (c) is not otherwise an Administrative Claim, Fee Claim, Priority Tax Claim, U.S. Trustee Fees, Secured Tax Claim, Unsecured Priority Claim, or Sponsor Claim.

1.55    ***Unimpaired*** means, with respect to any Class, that such Class is not Impaired.

1.56    ***Unsecured Priority Claim*** means a Claim that is not secured by property of the Estate or otherwise entitled to treatment as a Secured Claim under Bankruptcy Code Section 506, but is entitled to priority under Bankruptcy Code Sections 507(a)(4) and 507(a)(5).

1.57    ***U.S. Trustee Fees*** means all fees and charges assessed against the Estate of the Debtor under 28 U.S.C. § 1930 of the United States Code.

## B.    Interpretation:  Application of Definitions and Rules of Construction

Unless otherwise specified, all Section or Exhibit references in this Plan are to the respective section in, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time.  The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained therein.  A term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code.  The rules of construction contained in Section 102 of the Bankruptcy Code shall apply to the Plan.  The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Unless otherwise provided, any reference in this Plan to an existing document, Exhibit or Schedule means such document, Exhibit or Schedule as it may have been amended, restated, revised, supplemented or otherwise modified.  If a time or date is specified for any payments or other distribution under the Plan, it shall mean on or as soon as reasonably practicable thereafter.  Further, where appropriate from a contextual reading of a term, each term includes the singular and plural form of the term regardless of how the term is stated and each stated pronoun is gender neutral.

## SECTION 2.    TREATMENT OF ADMINISTRATIVE CLAIMS, PRIORITY TAX CLAIMS, AND U.S. TRUSTEE FEES

2.1    ***Administrative Claims***.    In accordance with Bankruptcy Code Section 1123(a)(1), Administrative Claims have not been classified and are treated as described in this **Section 2** of this Plan.  Except as otherwise provided in this Plan, by written agreement of the holder of an Allowed Administrative Claim to accept different and less favorable treatment than provided under this Plan, or by order of the Court, a Person holding an Allowed Administrative Claim will receive Cash equal to the unpaid portion of such Allowed Administrative Claim as soon as practicable after the later of:  (a) the tenth (10th) Business Day after the Effective Date; (b) ten (10) days following the date on which such Person becomes the holder of such an Allowed Administrative Claim; or (c) the date or dates when that Claim is payable by its terms, consistent with past practice and in accordance with past terms.

2.2     ***Fee Claims***.   In accordance with Bankruptcy Code Section 1123(a)(1), Fee Claims have not been classified and are treated as described in this **__Section 2__** of this Plan. Except as otherwise provided in this Plan, by written agreement of the holder of an Allowed Fee Claim to accept different and less favorable treatment than provided under this Plan, or by order of the Court, a Person holding an Allowed Fee Claim will receive Cash equal to the unpaid portion of such Allowed Fee Claim, as soon as practicable after the later of:  (a) the tenth (10th) Business Day after the Effective Date; or (b) ten (10) days after the date on which such Person becomes the holder of such an Allowed Fee Claim.

2.3     ***Priority Tax Claims***.    In accordance with Bankruptcy Code Section 1123(a)(1), Priority Tax Claims have not been classified and are treated as described in this **__Section 2__** of this Plan.  Unless otherwise agreed by the holders of the Allowed Priority Tax Claims to accept different and less favorable treatment than provided under this Plan, or by order of the Court, any Person holding an Allowed Priority Tax Claim will receive, in full satisfaction of such Claim,  payment in Cash in full on the later of the Effective Date or the date such Claim becomes an Allowed Claim.  Any Claim for or demand for penalty relating to any Priority Tax Claim other than a penalty of the type specified in Section 507(a)(8)(G) of the Bankruptcy Code shall not be Allowed and the holder of an Allowed Priority Tax Claim shall not assess or attempt to collect such penalty from the Estate or any of the Assets.

2.4     ***U.S. Trustee Fees***.   U.S. Trustee Fees include all fees and charges assessed against the Debtor under Chapter 1930 of title 28, United States Code.  All U.S. Trustee Fees will be paid in full by the Debtor, as they become due and owing and shall continue to be paid until a final decree is entered closing the Chapter 11 Case, a Final Order converting the Chapter 11 Case to a  case under chapter 7 of the Bankruptcy Code or a Final Order dismissing the  Chapter 11 Case is entered.

## SECTION 3.   CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

3.1     ***Classification and Specification of Treatment of Claims***.   All Claims, except those described in **__Section 2__**, are placed in the following Classes of Claims, pursuant to Bankruptcy Code Section 1123(a)(1), which section specifies the treatment of such Classes of Claims and of their impaired or unimpaired status, pursuant to Bankruptcy Code Sections 1123(a)(2) and 1123(a)(3).  A Claim is classified in a particular Class only to the extent that the Claim qualifies within the description of the Class and is classified in a different Class to the extent that the Claim qualifies within the description of that different Class.  A Claim is in a particular Class only to the extent that the Claim is an Allowed Claim in that Class and has not been paid, released, withdrawn, waived, or otherwise satisfied under this Plan.  Unless this Plan expressly provides otherwise, when a Class includes a subclass, each subclass is a separate Class for all purposes under the Bankruptcy Code, including, without limitation, voting and distribution.

Subject to all other applicable provisions of this Plan (including its distribution provisions), classified Claims shall receive the treatment set forth below.  This Plan will not provide any distributions on account of a Claim to the extent that such Claim has been disallowed, released, withdrawn, waived, or otherwise satisfied, or paid as of the Effective Date,

8

including, without limitation, payments by third parties. Except as specifically provided in this Plan, this Plan will not provide any distributions on account of a Claim, or portion thereof, the payment of which has been assumed by a third party. Except as otherwise specifically provided in this Plan or by further order of the Court, all treatment, allowances, or payments of Claims which have been specified or otherwise fixed or required by order of the Court shall not be impaired by this Plan and the rights of the holders of such Claims as provided in such orders shall not be altered by this Plan. Any holder of any Claim in any Class may agree, pursuant to Bankruptcy Code Section 1123(a)(4), to a treatment of such Claim that is less favorable (but not more favorable) than any other Claim in such Class.

3.2 *Classes of Claims*.

*3.2.1* Class 1 – Secured Tax Claims. This Class consists of all Allowed Secured Tax Claims. Each Allowed Claim in this Class shall be paid in full.

Class 1 is Unimpaired, and holders of Secured Tax Claims are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, holders of Secured Tax Claims are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Secured Tax Claims. As of the Petition Date, the Debtor believes there are no Secured Tax Claims.

3.2.2 Class 2 – Unsecured Priority Claims. This Class consists of all Allowed Unsecured Priority Claims. Unless otherwise agreed by the applicable holder of an Allowed Claim in this Class to accept different and less favorable treatment, each holder of an Allowed Unsecured Priority Claim which has not been satisfied as of the Effective Date shall receive Cash in the amount of such holder's Allowed Unsecured Priority Claim on or as soon as reasonably practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes Allowed.

Class 2 is Unimpaired, and holders of Unsecured Priority Claims are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, holders of Secured Tax Claims are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Unsecured Priority Claims. As of the Petition Date, the Debtor believes there are no Unsecured Priority Claims.

3.2.3 Class 3 – Unsecured Claims. This Class consists of all Allowed Unsecured Claims. Unless otherwise agreed by the applicable holder of an Allowed Unsecured Claim in this Class to accept different and less favorable treatment, each holder of an Allowed Unsecured Claim shall be entitled to receive such holder's *pro rata* share (with (i) all other Allowed Unsecured Claims, and (ii) Allowed Sponsor Claims to the extent such Sponsor Claims are not subordinated) of the Debtor's Cash on hand *after* all Allowed Administrative Claims, Allowed Fee Claims, Allowed Priority Tax Claims, U.S. Trustee Fees, Secured Tax Claims and Allowed Unsecured Priority Claims have been paid in full. Distributions to holders of Allowed Unsecured Claims shall be made on a Distribution Date after such Unsecured Claim has been Allowed. The Debtor estimates that holders of Allowed Unsecured Claims will recover between 40%-99% on their claims.

9

Class 3 is Impaired, and, thus, holders of Allowed Unsecured Claims are entitled to vote to accept or reject the Plan.

3.2.4   Class 4 – Sponsor Claims.   This Class consists of all Sponsor Claims. Unless (i) otherwise agreed by the applicable holder of a Sponsor Claim to accept different and less favorable treatment, or (ii) the Sponsor Claims are subordinated in whole or in part by Final Order of the Bankruptcy Court, each holder of a Sponsor Claim shall be entitled to share in *pro rata* distributions with holders of Class 3 Allowed Unsecured Claims of the Debtor's Cash on hand **after** all Allowed Administrative Claims, Allowed Fee Claims, Allowed Priority Tax Claims, U.S. Trustee Fees, Secured Tax Claims and Allowed Unsecured Priority Claims have been paid in full.  Distributions to holders of Allowed Sponsor Claims will be made on a Distribution Date after such Sponsor Claim has been Allowed. To the extent the Sponsor Claims are subordinated, the holder of a Sponsor Claim will not receive any distribution on account of such subordinated claim.

Class 4 is Impaired. Holders of Sponsor Claims are entitled to vote to accept or reject the Plan.  To the extent the Sponsor Claims are not subordinated, such votes will be included in Class 3 Unsecured Claims.  To the extent the Sponsor Claims are subordinated, the vote of any Holder of such subordinated claim shall be conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

3.2.5   Class 5 – Interests.  Each holder of an Interest will not receive any distribution on account of such Interest.  Each holder of an Interest shall not receive or retain an Interest or other property or interests of the Debtor on account of such Interest.  On the Effective Date, without the need for any further company action or approval of any members, board of directors, board of managers, managers, or management, all Interests shall be cancelled and there shall be no distribution to holders of Interests under the Plan.

Class 5 is Impaired. Holders of Interests are conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Therefore, holders of Interests are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to such Interests.

## SECTION 4.   ACCEPTANCE OR REJECTION OF THE PLAN

4.1   ***Impaired Classes Vote.***   In accordance with Section 1126(c) of the Bankruptcy Code and except as provided in Section 1126(e) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted this Plan if this Plan is accepted by the holders of at least two-thirds (⅔) in dollar amount and more than one-half (½) in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject this Plan.

4.2   ***Presumed Acceptance of Plan***. Classes 1 and 2 are Unimpaired, and holders of claims in those classes are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, holders of Claims in Classes 1 and 2 are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to such claims.

4.3     ***Presumed Rejection of the Plan***.   Class 5 is not entitled to receive or retain any property under this Plan and are, therefore, holders of Claims and Interests in those Classes are conclusively presumed to have rejected this Plan pursuant to Section 1126(g) of the Bankruptcy Code.

4.4     ***Voting Classes***.   Classes 3 and 4 are Impaired, and the holders of Claims in those Classes are entitled to vote on the Plan.

4.5     ***Nonconsensual Confirmation***.   The Debtor requests entry of a Confirmation Order under Bankruptcy Code Section 1129(a).   With respect to any Impaired Class, including any Class of Claims or Interests created pursuant to amendments or modifications to this Plan, that does not accept the Plan, the Debtor requests that the Bankruptcy Court confirm this Plan by Cramdown with respect to any such non-accepting Class or Classes at the Confirmation Hearing, and the filing of this Plan shall constitute a motion for such relief.

## SECTION 5.    MEANS FOR IMPLEMENTATION OF PLAN

5.1     ***Funding for this Plan***.   This Plan will be funded from the Debtor's Cash on hand and the $10.5 million in Settlement Funds.    The Confirmation Order shall provide for the release of Settlement Funds from the client funds account at PNC Bank and that such Settlement Funds shall be deposited into the Debtor's operating account.

5.2     ***Implementation***.   This Plan will be implemented by the Debtor, or the post-confirmation Debtor, as the case may be, in a manner consistent with the terms and conditions set forth in this Plan and the Confirmation Order.   As set forth more fully in this Plan, the Debtor, or the post-confirmation Debtor, as the case may be, shall be responsible for the liquidation of the Debtor's remaining Assets, administration of the Plan and the wind-down of the Debtor and its Estate post-Effective Date.

5.3     ***Corporate Action***.   All matters provided under this Plan and any related settlements involving the corporate structure of the Debtor or corporate action to be taken by or required of the Debtor, shall be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement or further action by the Sole Director or the Debtor's shareholders.

5.4     ***Vesting of Assets in the Debtor***.   As of the Effective Date, and except as otherwise provided in this Plan, pursuant to the provisions of Bankruptcy Code Section 1141(b) and (c), all Assets shall vest in the Debtor free and clear of all Claims, liens, encumbrances, charges, membership interests and other interests, subject to the terms and conditions of this Plan and the Confirmation Order.

5.5     ***Continuing Existence***.   From and after the Effective Date, the Debtor shall continue in existence for the purposes of (i) winding up its affairs as expeditiously as reasonably possible, (ii) liquidating, by conversion to Cash, or other methods, all remaining Assets, as expeditiously as reasonably possible, (iii) enforcing and prosecuting claims, interests, rights and privileges of the Debtor, including, without limitation, the prosecution of Causes of

Action, (iv) resolving disputed Claims, (v) administering this Plan, (vi) filing all final cost reports reflecting the Debtor's operation and (vii) filing appropriate tax returns. Following the Effective Date, the Debtor shall not engage in any business activities or take any actions, except those necessary to consummate this Plan and wind up the affairs of the Debtor.

5.6     ***Causes of Action***.  Except as otherwise set forth in this Plan, only those Causes of Action of the Debtor listed on the Schedule of Retained Causes of Action shall survive confirmation of this Plan.  The commencement and/or prosecution of such Retained Causes of Action by the Debtor or otherwise shall not be barred or limited by *res judicata* or any estoppel, whether judicial, equitable or otherwise.

5.7     ***Agreements, Instruments, and Documents***.  All organizational agreements, charter documents, instruments, and documents required under this Plan to be executed or implemented, together with such others as may be necessary, useful or appropriate in order to effectuate this Plan shall be executed on or before the Effective Date or as soon thereafter as is practicable.

5.8     ***Closing of the Debtor's Chapter 11 Case***.  When all disputed Claims filed against the Debtor have become Allowed Claims or have been disallowed, and all Assets have been liquidated and converted into Cash (other than those Assets abandoned), and such Cash has been distributed in accordance with this Plan, or at such earlier time as the Debtor deems appropriate, the Debtor, or the post-confirmation Debtor, as the case may be, shall seek authority from the Court to close the Debtor's Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

5.9     ***Corporate Dissolution***.  Upon the distribution of all Assets pursuant to this Plan and the filing by the Debtor of a certification to that effect with the Court (which may be included in the application for the entry of the final decree), the Debtor shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of Debtor or payments to be made in connection therewith, ***provided***, ***however***, that the Debtor may take appropriate action to dissolve under applicable law.  From and after the Effective Date, the Debtor shall not be required to file any document, or take any action, to withdraw their business operations from any states where the Debtor previously conducted business.

5.10    ***Bar Date for Fee Claims***.  Each Person retained or requesting compensation in this Chapter 11 Case, pursuant to Bankruptcy Code Sections 330, 331, and/or 503(b), must file with the Court an application for allowance of any Fee Claims within forty-five (45) days after the Effective Date.  All such Fee Claims for which an application is not timely filed shall be forever barred.  Objections to each such application may be filed in accordance with the Bankruptcy Rules.  The Court shall determine all such Fee Claims.

5.11    ***Bar Date for Other Administrative Claims***.  Unless this Plan or the Court fixes a different date, with the exception of Fee Claims, all Administrative Claims must be filed no later than fourteen (14) days after the Effective Date.  All such Claims not timely filed shall

12

be forever barred.  The Debtor may object to the allowance of any such Claim filed before, on, or after the Effective Date.

Except for Fee Claims, all requests seeking the allowance and payment of Administrative Claims must be Filed and served on the Debtor and its counsel by no later than the Administrative Claims Bar Date pursuant to the procedures set forth in the Confirmation Order and the notice of the occurrence of the Effective Date. The burden of proof for the allowance of Administrative Claims remains on the Holder of the Administrative Claims.

**Except as otherwise provided herein, holders of Administrative Claims that do not File and serve a request for payment of administrative expenses requesting the allowance of an Administrative Claim by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting Administrative Claims against the Debtor, the Estate, or the Debtor's assets and properties.**

5.12    *Further Authorization*.  The Debtor, or the post-confirmation Debtor, as the case may be, shall be entitled to seek such orders, judgments, injunctions and rulings from the Court, in addition to those specifically listed in this Plan, as may be necessary to carry out the intentions and purposes, and to give full effect to the provisions of this Plan.  The Court shall retain jurisdiction to enter such orders, judgments, injunctions and rulings.

## SECTION 6.    POWERS AND DUTIES OF DEBTOR POST-CONFIRMATION

6.1    *Powers and Duties*.  The Debtor, or the post-confirmation Debtor, as the case may be, shall be responsible for the liquidation of the Debtor's remaining Assets, administration of the Plan and wind-down of the Debtor and its Estate post-Effective Date, subject to the provisions of this Plan.  The powers and duties of the Debtor post-confirmation shall include:

(a)    to invest Cash in accordance with Section 345 of the Bankruptcy Code, and withdraw and make distributions of Cash to holders of Allowed Claims and pay taxes, if any, and other obligations owed by the Debtor in connection with the wind-down of the Estate in accordance with the Plan;

(b)    to receive, manage, invest, supervise, and protect the Assets, including paying taxes, if any, or other obligations incurred in connection with the Assets;

(c)    to engage attorneys, consultants, agents, employees and all  professional persons to assist the Debtor with respect to the Debtor's post-confirmation responsibilities;

(d)    to administer the Post Confirmation Administrative Reserve and all other Assets;

(e)    to pay the fees and expenses for the attorneys, consultants, agents, employees and professionals engaged by the Debtor and to pay all other expenses in connection with administering the Plan and winding down the affairs of the Debtor in each case from the

Post Confirmation Administrative Reserve, subject to the terms of this Plan; provided, that, the post-confirmation Debtor is permitted to pay the foregoing post-confirmation fees and expenses in the ordinary course of business without the need for Court approval;

(f)      to execute and deliver all documents, and take all actions, necessary to consummate the Plan and wind-down the Debtor's business, and effectuate the dissolution of the Debtor;

(g)      to use, sell at public or private sale, assign, transfer, abandon or otherwise dispose of any of the Debtor's remaining assets and convert the same to Cash;

(h)      to collect outstanding receivables;

(i)      to coordinate the storage and maintenance of the Debtor's books and records;

(j)      to oversee compliance with the Debtor's accounting, finance and reporting obligations;

(k)      to oversee the filing of final tax returns, audits and other corporate dissolution documents if required;

(l)      to perform any additional corporate actions as necessary to carry out the wind-down, liquidation and dissolution of the Debtor;

(m)      to object to Claims;

(n)      to compromise and settle Claims;

(o)      settle, retain, enforce, dispute or adjust any claim or Causes of Action and otherwise pursue actions involving the Assets that could arise or be asserted at any time under the Bankruptcy Code or otherwise, unless otherwise waived or relinquished in the Plan;

(p)      to implement and/or enforce all provisions of the Plan

6.2    **_Reporting_**.  Until a final decree closing the Chapter 11 Case is entered, the Debtor shall comply with any requisite reporting requirements established pursuant to the guidelines of the U.S. Trustee.

## SECTION 7.   EXECUTORY CONTRACTS

7.1    **_Rejection of Contracts._**  Except as otherwise set forth in this Plan each contract of the Debtor that has not expired by its own terms or has not otherwise been assumed and assigned by the Debtor shall be rejected as of the Effective Date.  For purposes of clarity, all employment, severance, retirement, indemnification, employee benefit, profit-sharing and related plans or agreements, whether or not qualified under ERISA, health care plans, disability plans

14

and incentive plans, that were in effect on the Petition Date and that have not previously been terminated or superseded shall be terminated and deemed rejected.

For the avoidance of doubt, the Debtor reserves all its rights with respect to whether the Settlement Agreement is an executory contract subject to rejection under section 365 of the Bankruptcy Code.   To the extent the Settlement Agreement is executory, it shall be rejected as of the Effective Date.

7.2     ***Rejection Damages.***  Any Claim for damages arising from the rejection of any executory contract or unexpired lease under this Plan must be filed with the Court and served upon the Debtor within thirty (30) days after the Effective Date or such other deadline established by the Court.   Any Claim arising from the rejection of an executory contract or unexpired lease not filed within such time will be forever barred from receiving any distribution under this Plan or asserting any Claims against the Debtor or its Estate.

## SECTION 8.   DISTRIBUTION PROVISIONS

8.1     ***No Distributions on Account of Claims That Have Not Become Allowed Claims***.  Notwithstanding any other provision of this Plan, no payment or distribution shall be made with respect to any Claim that has not become an Allowed Claim, except that the Debtor may distribute consideration attributable to any undisputed portion of a Claim and withhold the remainder.

8.2     ***Reserves for Claims That Have Not Become Allowed Claims***. Distributions on account of Claims that have not become Allowed Claims shall be governed by the following provisions:

(a)     Except as otherwise provided under this Plan, the Debtor, or the post-confirmation Debtor, as the case may be, shall not be required to withhold funds or consideration, designate reserves, or make other provisions for the payment of any Claims that have been disallowed by a Final Order of the Court.

(b)     Except as otherwise provided in this Plan, the Debtor, or the post-confirmation Debtor, as the case may be, shall be required to reserve funds, designate reserves, or make other provisions for the payment of any Claims that have been disallowed by an order of the Court until such order becomes a Final Order.

(c)     With respect to Claims that have not become Allowed Claims and that are not governed by subparagraph (1) or subparagraph (2) above, the Debtor, or the post-confirmation Debtor, as the case may be, shall reserve sufficient funds to allow for a distribution in accordance with the terms of this Plan, on account of the distribution attributable to such holders' Claims or as otherwise provided pursuant to any order of the Court with respect to the amount, if any, to be reserved; ***provided***, ***however***, that the Debtor, as applicable, shall distribute consideration attributable to any undisputed portion and shall withhold and reserve the remainder.  The Court may, after notice and a hearing, fix a lesser amount than the distribution amount as the amount on account of which consideration shall be withheld.  In the case of

15

Claims not stating an amount, the Debtor, or any holder of such Claims may request that the Court, after notice and a hearing, determine an amount. Cash withheld pursuant to this subparagraph will be held in a segregated, interest-bearing fund or funds. Such Cash will be released when and if Claims are Allowed and disallowed and shall be distributed in accordance with this Plan.

8.3    ***Persons Responsible for Distribution of Plan Consideration.*** The Debtor, or the post-confirmation Debtor, as the case may be, shall disburse all consideration to be distributed under this Plan and shall act as a disbursing agent.

8.4    ***Unclaimed Cash***. If any Person entitled to receive Cash under this Plan cannot be located on the date a distribution under this Plan is due, such Cash will be set aside and held in a segregated fund to be maintained by the Debtor, or the post-confirmation Debtor, as the case may be. If such Person is located within one hundred and twenty (120) days of the date of distribution, such Cash will be paid to such Person. If such Person cannot be located within one hundred and twenty (120) days of the date of distribution, any such Cash and accrued interest thereon shall be released to the Debtor and distributed in accordance with this Plan and such Person shall not be entitled to any amounts in connection with such distribution or any subsequent distribution and the Claims of such person to which such Cash relates shall be discharged and forever barred from assertion against the Debtor and its property. Nothing contained in this Plan shall require the Debtor to attempt to locate such Person. It is the obligation of each Person claiming rights under this Plan to keep the Debtor advised of their current address by sending written notice of any changes to the Debtor, or the post-confirmation Debtor, as the case may be,

8.5    ***Unnegotiated Distribution Checks***. Checks or drafts issued pursuant to this Plan to Persons holding Allowed Claims and not presented for payment within one hundred and twenty (120) days following mailing thereof to the last known address of such Person shall be deemed nonnegotiable thereafter. Any Claim in respect of such distribution shall be discharged and forever barred from assertion against the Debtor and its property Any distribution which is deemed nonnegotiable shall re-vest with the Debtor and be available for distribution consistent with the Plan.

8.6    ***Fractional Dollars***. Any other provision of this Plan notwithstanding, no payments of fractional dollars will be made to any holder of an Allowed Claim. Whenever any payment of a fraction of a dollar to any holder of an Allowed Claim would otherwise be called for, the actual payment made will reflect a rounding of such fraction to the nearest whole dollar (up or down).

8.7    ***Distribution Dates***. Whenever any distribution to be made under this Plan is due on a day other than a Business Day, such distribution will instead be made, without penalty or interest, on the next Business Day.

8.8    ***Bankruptcy Code Sections 509, and 510***. Distributions under this Plan will be governed by the provisions of Bankruptcy Code Sections 509 or 510, where applicable.

16

8.9 ***Distributions to be Applied First to Administrative and Priority Claims***. To the extent any holder of an Allowed Claim receives any distribution(s) under this Plan by the Debtor on account of such Claims, said distribution(s) shall be applied by the recipient first to satisfy any Allowed Administrative Claims, Allowed Priority Tax Claims, or other Allowed Claims of the recipient against the Debtor which are entitled to priority under Bankruptcy Code Sections 503 or 507 and, only after all such priority Claims are fully satisfied, to any Allowed Claims not entitled to such priority.

8.10 ***Estimation of Claims***. The Debtor, or the post-confirmation Debtor, as the case may be, may, at any time, request that the Bankruptcy Court (or District Court, as applicable) estimate any Claim not expressly Allowed by the terms of the Plan and otherwise subject to estimation under Section 502(c) of the Bankruptcy Code and for which the Debtor may be liable under the Plan, including any Claim for taxes, to the extent permitted by Section 502(c) of the Bankruptcy Code, regardless of whether any party-in-interest previously objected to such Claim. In the event that the Bankruptcy Court (or District Court, as applicable) estimates any contingent or unliquidated Claim, that estimated amount will constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court (or District Court, as applicable) . If the estimated amount constitutes a maximum limitation on such Claim, the Debtor, or the post-confirmation Debtor, as the case may be, may elect to pursue any supplemental proceedings to object to any ultimate allowance of such Claim. All of the aforementioned Claims objection, estimation and resolution procedures are cumulative and not necessarily exclusive of one another. Claims may be estimated by the Bankruptcy Court (or District Court, as applicable) and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court (or District Court, as applicable).

8.11 ***Chapter 5 Provisions***. No distribution or payment shall be made to any holder of an Allowed Claim who is also a potential defendant in an avoidance action under Chapter 5 of the Bankruptcy Code until a decision is made by the Debtor, or the post-confirmation Debtor, as the case may be, not to commence the potential avoidance action, or, in the event the potential avoidance action is commenced by the Debtor, or the post-confirmation Debtor, as the case may be, until resolution of such avoidance action. Notwithstanding this Section, the making of a distribution to such potential defendant or the lack of any objection filed to such Allowed Claim on the basis of such potential avoidance action, shall not constitute a waiver of any rights of the Debtor. For purposes of the Plan, such distribution or payment on account of such Allowed Claim shall be held in reserve as if it were a disputed Claim.

8.12 ***Third-Party Agreements***. Except as set forth herein, all subordination agreements entered into by any parties in interest shall be enforceable to the extent permitted by applicable law.

8.13 ***Orders Respecting Claims Distribution***. After confirmation of this Plan, the Court shall retain jurisdiction to enter orders in aid of consummation of this Plan with respect to distributions under this Plan and to resolve any disputes concerning distributions under this Plan.

8.14    ***Objections to Claims***.  As soon as practicable, but in no event later than one hundred and eighty (180) days after the Effective Date, the Debtor, or the post-confirmation Debtor, as the case may be, may object to the allowance of any Claim, ***provided however***, the Debtor, or the post-confirmation Debtor, as the case may be, may not object to any Claim once it becomes an Allowed Claim.  The foregoing deadline may be extended by the Court upon request of the Debtor, or the post-confirmation Debtor, as the case may be,.  Nothing contained herein, however, shall limit the right of the Debtor, or the post-confirmation Debtor, as the case may be, to object to Claims, if any, filed or amended after the Effective Date.

8.15    ***Settlement of Disputed Claims***. Pursuant to Bankruptcy Rule 9019(b) the Debtor, or the post-confirmation Debtor, as the case may be, may settle any disputed Claim, respectively, without notice, or Court approval.

8.16    ***Setoffs***.  The Debtor, or the post-confirmation Debtor, as the case may be, may, pursuant to and in accordance with Bankruptcy Code Section 553 or applicable nonbankruptcy law, except as otherwise set forth in this Plan, set off against any Allowed Claim and the distributions to be made pursuant to this Plan on account of such Claim, the claims, rights and causes of action of any nature that the Debtor may hold against the holder of such Allowed Claim, provided that the Debtor, or the post-confirmation Debtor, as the case may be, gives the holder of such Allowed Claim notice of the proposed setoff and the holder of such Allowed Claim does not object to the proposed setoff within thirty (30) days; provided further, however, if the holder of such Allowed Claim timely objects to the proposed setoff, the setoff may not be effectuated without prior approval of the Court; provided further, however, that neither the failure to effect such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any such claims, rights and causes of action that the Debtor may possess against such holder.

8.17    ***Distribution Cap.***  Except to the extent consistent with the treatment set forth in this Plan, no holder of an Allowed Claim shall receive in respect of that Claim any distribution in excess of the Allowed amount of that Claim.

8.18    ***De Minimus Distributions***.  Notwithstanding anything to the contrary contained herein or in this Plan, if the amount of Cash to be distributed to the holder of an Allowed Claim is less than $20, the Debtor may hold the Cash Distributions to be made to such holder until the aggregate amount of Cash to be distributed to such holder is in an amount equal to or greater than $20, if the Debtor, or the post-confirmation Debtor, as the case may be, determines that the cost to distribute such Cash is unreasonable in relation to the amount of Cash to be distributed.  Notwithstanding the preceding sentence, if the amount of Cash Distribution to such holder never aggregates to more than $20, then on the final Distribution Date, the Debtor, or the post-confirmation Debtor, as the case may be, shall distribute such Cash to the holder entitled thereto.

8.19    ***Withholding Taxes***.  In connection with the Plan, to the extent applicable, the Debtor, or the post-confirmation Debtor, as the case may be, shall comply with all withholding and reporting requirements imposed on it by federal, state and local taxing authorities, and all distributions shall be subject to such withholding and reporting requirements.

18

All Claims held by any holder of a Claim that fails to provide information reasonably requested by the Debtor, or the post-confirmation Debtor, as the case may be, in connection with such matters shall be discharged and forever barred from assertion against the Debtor or their property.

8.20    ***Distribution Record Date***.  Except as otherwise provided in a Final Order of the Bankruptcy Court or as otherwise stipulated by the Debtor, as applicable, the transferees of Claims that are transferred pursuant to Bankruptcy Rule 3001 on or prior to the Distribution Record Date will be treated as the Holders of those Claims for all purposes, notwithstanding that any period provided by Bankruptcy Rule 3001 for objecting to the transfer may not have expired by the Distribution Record Date.  the Debtor, or the post-confirmation Debtor, as the case may be, shall have no obligation to recognize any transfer of any Claim occurring after the Distribution Record Date.  In making any distribution with respect to any Claim, the Debtor, or the post-confirmation Debtor, as the case may be, shall be entitled instead to recognize and deal with, for all purposes hereunder, only the Person that is listed on the Proof of Claim Filed with respect thereto or on the Schedules as the holder thereof as of the close of business on the Distribution Record Date and upon such other evidence or record of transfer or assignment that are known to the Debtor as of the Distribution record Date.

## SECTION 9.   SETTLEMENT

9.1    As discussed in detail in the Disclosure Statement and as otherwise provided herein, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, or otherwise resolved pursuant to the Plan**.**

9.2    The Plan Supplement shall contain a Schedule of Retained Causes of Action**.**  All Causes of Action not listed in the Schedule of Retained Causes of Action shall be released and extinguished by the Debtor.

9.3    The Plan shall be deemed a motion to approve the good-faith compromise and settlement of the Estate's Claims against its Sole Director in connection with the failed merger, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, as well as a finding by the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable, and in the best interests of the Debtor and its Estate.  To the extent any party objects to approval of this settlement, the Debtor is prepared to meet its burden under Bankruptcy Rule 9019 at the Confirmation Hearing.

## SECTION 10.   EFFECTS OF PLAN CONFIRMATION

10.1    ***Satisfaction of Claims.***  Holders of Claims shall receive the distributions provided for in this Plan, if any, in full settlement and satisfaction of the Debtor's obligations thereunder, and any interest accrued thereon.

10.2    ***Interest on Claims.***  Except as specifically provided for in this Plan or the Confirmation Order, interest shall not accrue on Claims and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

**10.3    *Releases by the Debtor.*  Pursuant to Section 1123(b) of the Bankruptcy Code and except as otherwise specifically provided in this Plan, for good and valuable consideration, the Released Parties are deemed released and discharged by the Debtor and the Estate from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtor, the Estate or its affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation or preparation of the Plan, the Disclosure Statement, or related agreements, instruments or other documents (collectively, the "*Debtor Released Claims*").**

**10.4    *Exculpation.*  Except as otherwise specifically provided in this Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim, obligation, cause of action or liability for any Exculpated Claim, except for gross negligence, willful misconduct, criminal conduct, breaches of fiduciary duties, but in all respects such Persons shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.  The Debtor and each Exculpated Party (and each of their respective affiliates, agents, directors, members, officers, employees, advisors and attorneys) have, and upon Confirmation of this Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and applicable non-bankruptcy law with regard to the solicitation and distribution of securities pursuant to this Plan, and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan.**

**10.5    *Injunction.*  Except as otherwise provided in this Plan or the Confirmation Order, as of the Effective Date all Persons that hold a Claim are permanently enjoined from taking any of the following actions against the Released Parties or any of their respective successors or assigns, or any of their respective assets or properties, on account of any Claim: (1) commencing or continuing in any manner any action or other proceeding with respect to a Claim; (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order with respect to a Claim; (3) creating, perfecting or enforcing any lien or encumbrance with respect to a Claim; or**

**(4) commencing or continuing any action that does not comply with or is inconsistent with this Plan.**

10.6     *No Recourse*.  Notwithstanding that the Allowed amount of any particular Claim is reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules or is Allowed in an amount for which after application of the payment priorities established by the Plan there is insufficient value to provide a recovery equal to that received by other holders of Allowed Claims in the respective Class, no Claim holder shall have recourse against the Debtor, its Estate, the Released Parties or any of their respective professionals, consultants, officers, directors or members or their successors or assigns, or any of their respective property.  However, except as specifically stated otherwise in the Plan, nothing in the Plan shall modify any right of a holder of a Claim under Section 502(j) of the Bankruptcy Code.

10.7     *Abandoned Property*.  Any and all property whose abandonment is or has been approved by the Court pursuant to the Bankruptcy Code shall remain abandoned forever; shall not thereafter be deemed to be property of the Debtor; shall not at any time re-vest in the Debtor, and shall not otherwise, whether by conveyance or otherwise, ever become the property of the Debtor or its Estate.

10.8     *Term of Stays*.  **Except as otherwise provided in this Plan, all injunctions and the stay provided for in the Debtor's Chapter 11 Case pursuant to Bankruptcy Code Section 362, shall remain in full force and effect until the Debtor's Chapter 11 Case is closed.**

**Except as otherwise provided in this Plan, upon entry of the Confirmation Order, all Persons or entities who have held, hold, or may hold Claims or membership or other interests in the Debtor are permanently enjoined, on and after the Effective Date, with respect to all Claims and membership and other interests in the Debtor from (a) commencing, conducting or continuing in any manner, directly or indirectly, any proceeding of any kind against or affecting the Debtor, the Released Parties, or their property, (b) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any means or manner, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the Released Parties, or their property, (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Released Parties, or their property, (d) asserting any right of setoff, directly or indirectly, against any obligation due the Debtor, the Released Parties, or their property, except as contemplated or allowed by this Plan, the Bankruptcy Code, or applicable law, (e) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan, (f) commencing, continuing or asserting in any manner any action or other proceeding of any kind with respect to any Claims and causes of action which are extinguished or released pursuant to this Plan, and (g) taking any action to interfere with the implementation and consummation of this Plan.  For the avoidance of doubt, confirmation of the Plan shall render moot the appeal brought by Zama Capital Master Fund, L.P. against the Debtor in *Zama Capital Master Fund L.P., v. 26 Capital Acquisition Corp., et al*, No. 113,2025 in the Supreme Court of the State of Delaware.**

21

10.9    *Retention of Jurisdiction*.    Notwithstanding entry of the Confirmation Order or the Effective Date having occurred, the Court will retain jurisdiction to the fullest extent permitted by law, including jurisdiction to enter any orders or to take any action specified in this Plan, and including, without limitation, the following:

(a)    To determine any motion, adversary proceeding, avoidance action, application, contested matter, and other litigated matter pending on or commenced after the Confirmation Date;

(b)    To hear and determine applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of Claims resulting therefrom;

(c)    To ensure that distributions to holders of Allowed Claims are accomplished as provided in this Plan;

(d)    To hear and determine objections to the allowance of Claims, whether filed, asserted or made before or after the Effective Date, including, without limitation, to hear and determine objections to the classification of Claims and the allowance or disallowance of disputed Claims, in whole or in part;

(e)    To consider Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim;

(f)    To enter, implement, or enforce such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

(g)    To issue injunctions, enter and implement other Orders, and take such other actions as may be necessary or appropriate to restrain interference by any Person with the consummation, implementation, or enforcement of this Plan, the Confirmation Order or any other Order of this Court;

(h)    To hear and determine any application to modify this Plan in accordance with Bankruptcy Code Section 1127, to remedy any defect or omission or reconcile any inconsistency in this Plan, the Disclosure Statement, or any Order of the Bankruptcy Court, including the Confirmation Order, in such a manner as may be necessary to carry out the purposes and effects thereof;

(i)    To hear and determine all Fee Claims;

(j)    To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan, the Confirmation Order, or any transactions or payments contemplated hereby or thereby, or any agreement, instrument, or other document governing or relating to any of the foregoing;

(k)    To take any action and issue such Orders as may be necessary to construe, enforce, implement, execute, and consummate this Plan, including any release or injunction

22

provisions set forth herein or in this Plan, or to maintain the integrity of this Plan following consummation;

(l)    To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(m)    To hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code Sections 346, 505, and 1146;

(n)    To enter a final decree closing the Debtor's Chapter 11 Case;

(o)    To recover all assets of the Debtor and property of the Estate, wherever located; and

(p)    To hear and determine any other matters related hereto and not inconsistent with the Bankruptcy Code, title 28 of the United States Code and other applicable law.

10.10    ***Failure of the Court to Exercise Jurisdiction***.  If the Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, arising in or related to the Chapter 11 Case, including with respect to the matters set forth above in this Section, this Section shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

## SECTION 11.  MISCELLANEOUS PROVISIONS

11.1    ***Revocation of this Plan***.   The Debtor reserves the right to revoke or withdraw this Plan, prior to the Confirmation Date, for any reason deemed appropriate by the Debtor.  If the Debtor revokes or withdraws this Plan, or if confirmation does not occur, then this Plan shall be null and void in all respects and nothing contained in this Plan shall constitute a waiver or release of any claims by or against, the Debtor, or prejudice in any manner the rights of the Debtor.

11.2    ***Preservation and Application of Insurance.***  The provisions of the Plan shall not diminish or impair in any manner the enforceability and/or coverage of any insurance policies (and any agreements, documents, or instruments relating thereto) that may cover Claims or any claims against directors, trustees or officers of the Debtor, or any other Person, other than as expressly as set forth herein.  For the avoidance of doubt, and as set forth in the Plan, all of the Debtor's insurance policies, or third party policies naming the Debtor as an additional insured party, and the proceeds thereof shall be available to satisfy Claims to the extent such insurance policies cover such Claims.  In addition, such insurance policies and proceeds thereof shall be available to satisfy Claims estimated pursuant to Section 502(c) of the Bankruptcy Code or in accordance with the Plan.

11.3    ***Successors and Assigns***.  From and after the Effective Date, the rights, benefits and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.

23

The provisions of this Plan shall bind all holders of Claims, whether or not they have accepted the Plan.

      11.4   ***Computation of Time***.  In computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

      11.5   ***Notices***.  All notices or requests in connection with this Plan shall be in writing and given by mail or overnight mail (with a contemporaneous e-mail copy, which shall not constitute notice) addressed to:

CROSS & SIMON, LLC
Christopher P. Simon (No. 4576)
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
csimon@crosslaw.com
kmann@crosslaw.com

-and-

NIXON PEABODY LLP
Richard C. Pedone (pro hac vice)
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: (617) 345-1000
rpedone@nixonpeabody.com

-and-

Christopher J. Fong (pro hac vice)
55 West 46th Street
New York, NY 10036
Telephone: (212) 940-3000
cfong@nixonpeabody.com

      All notices and requests to Persons holding any Claim in any Class shall be sent to them at their last known address or to the last known address of their attorney of record in this Chapter 11 Case.  Any such holder of a Claim may designate in writing any other address for purposes of this Section, which designation will be effective upon receipt by the Debtor.

      11.6   ***Headings.***  The headings used in this Plan are inserted for convenience only and neither constitute a portion of this Plan nor in any manner affect the construction of the provisions of this Plan.

24

11.7   *Severability*.  If, prior to confirmation, any term or provision of this Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation.

11.8   *Validity and Enforceability*.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.  Should any provision in this Plan be determined by the Court or any appellate court to be unenforceable following the Effective Date, such determination shall in no way limit the enforceability and operative effect of any and all other provisions of this Plan.

11.9   *Controlling Documents*.   (i) In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, the provisions of the Plan shall control and take precedence and (ii) in the event and to the extent that any provision of this Plan is inconsistent with the provisions of the Confirmation Order, the provisions of the Confirmation Order shall control and take precedence.

11.10   *Reservation of Rights*.   Except as expressly set forth herein, this Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order and the occurrence of the Effective Date.

11.11   *Governing Law*.   Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Delaware, without giving effect to the principles of conflicts of laws, shall govern the rights, obligations, construction, and implementation of the Plan transactions consummated or to be consummated in connection therewith.

Dated: August 14, 2025                    Respectfully submitted,


                                          26 Capital Acquisition Corp.


                                          By:  *Jason Ader*
                                          Title:  Sole Director