IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>26 CAPITAL ACQUISITION CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11323 (KBO)<br><br>**Docket No. 39** |

**ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order, pursuant to Bankruptcy Code sections 501, 502 and 1111, Bankruptcy Rules 2002, 3001, 3002, 3003, 3005, 5005 and 9008, and Local Rule 2002-1, for entry of an order (i) establishing deadlines and procedures for filing proofs of claim in the Debtor's chapter 11 case and (ii) approving the form and manner of notice thereof, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and *The Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate and trust, whether domestic or foreign) that asserts a claim (as that term is defined in Bankruptcy Code section 101(5)) against the Debtor that arose on or prior to July 11, 2025 (the "Petition Date") is required to file an original, written proof of such claim (a "Proof of Claim") that substantially conforms to the form Proof of Claim attached hereto as Schedule 1 (the "Proof of Claim Form") or Official Form 410, so as to be **actually received** on or before **October 27, 2025 at 4:00 p.m. prevailing Eastern Time** (the "General Bar Date"). The General Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the General Bar Date as set forth in the Motion or this Order.

3. All governmental units holding claims (whether secured, unsecured priority or unsecured non-priority), that arose or are deemed to have arisen prior to the Petition Date must file a Proof of Claim, so as to be **actually received** on or before **January 6, 2026 at 4:00 p.m. prevailing Eastern Time** (the "Governmental Bar Date").

4. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim with respect to such claim on or before the later of either (i) the General Bar Date or (ii) a date provided in an order of the Court authorizing the rejection of the respective executory contract or unexpired lease or if no date is provided, thirty

(30) calendar days after the claimant is served with notice of the applicable order authorizing such rejection.

5. If the Debtor amends or supplements its Schedules subsequent to service of the Bar Date Notice (as defined below) in a manner that changes the amount, nature, classification or characterization of a debt owing to a creditor, and the affected creditor does not agree with such amendment or supplement, then the affected creditor must file a Proof of Claim with respect to such debt on the later of (i) the applicable Bar Date or (ii) twenty-one (21) calendar days after the date on which the Debtor provided notice of such amendment or supplement (or another time period as may be fixed by the Court).

6. Notwithstanding the foregoing, the following persons or entities are not required to file a Proof of Claim on or before the applicable Bar Date with respect to claims described below:

    a. any person or entity that as of the applicable Bar Date has already properly filed, with the Clerk of the Court, a Proof of Claim against the Debtor, in a form that substantially conforms to the Proof of Claim Form or Official Form 410;

    b. any person or entity whose claim is listed on the Debtor's Schedules, provided that (i) such claim is not described as disputed, contingent or unliquidated, and (ii) such person or entity does not dispute the amount, nature or priority of the claim as set forth in the Debtor's Schedules.

    c. any person or entity that holds a claim that has already been allowed by an order of this Court entered on or before the applicable Bar Date;

    d. any person or entity whose claim has already been paid in full by the Debtor or any other party;

    e. any holder of a claim for which a specific deadline to file a Proof of Claim has previously been fixed by this Court (by which deadline such holder must file a Proof of Claim);

    f. any person or entity that holds a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense, which, despite its priority status, is a prepetition claim and subject to the General Bar Date as set forth above to the extent that such claim has not been paid); or

   g. any entity whose claim is based solely on an equity interest in any of the Debtor.

7. The Proof of Claim Form, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved in all respects.

8. Any person or entity who desires to rely on the Debtor's Schedules will have the responsibility for determining that their claim is accurately listed in such Schedules.

9. The following procedures shall govern the completion and filing of Proofs of Claim:

   a. Each Proof of Claim must (i) be written in English, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the Proof of Claim Form or Official Form 410, (iv) indicate the Debtor against which the creditor is asserting a claim and (v) be executed by the individual to whom service of any papers relating to such claim shall be directed;

   b. Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; and

   c. Each Proof of Claim must be filed electronically at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl or delivered in person, by courier service, by hand delivery, or by mail so as to be actually received by the United States Bankruptcy Court for the District of Delaware on or before the applicable Bar Date at:

    United States Bankruptcy Court
    Attn: Claims
    824 Market Street, 3rd Floor
    Wilmington, DE 19801

10. Any holder of a claim against the Debtor who is required, but fails, to file a Proof of Claim in accordance with the terms of this Order on or before the applicable Bar Date may be forever barred, estopped and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor, its estate, its successors and its respective property may be forever discharged from any and all indebtedness or liability with respect to such

claim, and such holder may not be permitted to participate in any distribution in the Debtor's chapter 11 case on account of such claim or to receive further notices regarding such claim.

11. The notice of the Bar Dates and relief granted in this Order, substantially in the form attached hereto as Exhibit 2 (the "Bar Date Notice"), is approved in all respects.

12. The Debtor is authorized and directed to serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by First-Class U.S. mail, postage prepaid, within five (5) business days after the date of entry of this Order, or as soon as reasonably practicable thereafter, upon the following parties (the "Bar Date Notice Parties"):

a. all creditors and other known holders of claims as of the date of entry of the Bar Date Order, including all persons or entities listed on the Debtor's Schedules at the addresses stated therein;

b. all parties to litigation with any of the Debtor as of the date of entry of the Bar Date Order;

c. the Office of the United States Trustee for the District of Delaware;

d. counsel to the official committee of unsecured creditors, if any, and any other statutory committee appointed in this case;

e. all known creditors of the Debtor;

f. all entities that have requested notice of the proceedings in the Debtor's chapter 11 case;

g. all persons or entities that have filed a Proof of Claim;

h. all known holders of an equity interest in the Debtor;

i. all parties to executory contracts and unexpired leases of the Debtor;

j. the Debtor's current officers, directors and employees;

k. the Debtor's former officers, directors and employees to the extent that contact information for such former officers, directors and employees is available in the Debtor's records;

l. the Internal Revenue Service and all applicable state and local taxing authorities;

      m.     all regulatory authorities that regulate the Debtor's business, including permitting authorities;

      n.     the United States Attorney for the District of Delaware and other relevant state attorneys general; and

      o.     all persons and entities listed on the service list maintained by the Debtor pursuant to Local Rule 2002-1(c) as of the date of the entry of the Bar Date Order.

13. The form and manner of notice of the Bar Dates and the relief granted by this Order, as provided herein, constitutes good, adequate and sufficient notice thereof, satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and is approved in all respects.

14. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15. Entry of this Order is without prejudice to the rights of the Debtor to seek a further order of this Court fixing a date by which holders of claims not subject to the Bar Dates established herein must file proofs of such claims or be barred from doing so.

16. Nothing in this Order shall prejudice the right of any party in interest to (i) object to any Proof of Claim, whether filed or scheduled, on any grounds; (ii) dispute or assert offsets or defenses to any claims reflected on the Debtor's Schedules or any amendments thereto, as to amount, liability, classification or otherwise; or (iii) subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: September 5th, 2025**  
**Wilmington, Delaware**

**KAREN B. OWENS**  
**CHIEF JUDGE**