Matthew Katzeff
Creditor, *Pro Se*
matthewkatzeff@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

26 Capital Acquisition Corp., LLC

Debtor.

Chapter 11

Case No. 25-11323 (KBO)

### OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT/PROPOSED PLAN

Creditor Matthew Katzeff respectfully submits this Objection to the adequacy of the Debtor's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code [Doc. 35] (the "Disclosure Statement") Describing Joint Chapter 11 Plan of Reorganization Proposed by the Debtors-in-Possession [Doc. 34] (the "Proposed Plan") and respectfully states as follows:

1. The Disclosure Statement should not be approved because the Proposed Plan provides for impermissible releases of third parties and is therefore unconfirmable as a matter of law.

2. Section VI of the Disclosure Statement and Section 10 of the Proposed Plan contains multiple gratuitous provisions that would have the effect of releasing the Debtor's principal, Jason Ader ("Ader") from valid claims by myself and other creditors, including a proposed full release for Ader and an injunction against myself and other creditors from continuing their claims against Ader. This proposed release and injunction is unwarranted under the circumstances. The U.S. Trustee has sought to convert this case from Chapter 11 to a Chapter 7 based on Ader's bad acts and untrustworthiness in leading the Debtor's alleged "reorganization." The U.S. Trustee has also sought the deposition of Debtor's representative (i.e., Ader) to further investigate Ader's improper actions and the inappropriateness of his controlling Debtor's actions

(which would seem to include his insertion of the unwarranted release provisions into the Disclosure Statement and Proposed Plan).

3. Ader has given no consideration for such broad release provisions and he is not entitled to them. The release and injunction provisions can easily be interpreted as releasing my claims against Ader in his personal capacity, which are pending in the New York Supreme Court, and are directly related to Ader's bad and improper actions and inappropriateness as described in paragraph 2 above. There is no valid reason to release Ader by virtue of the Proposed Plan – it is clearly overreaching by Ader in an effort to protect his personal assets and has nothing to do with the Debtor.

4. A disclosure statement that describes a plan that is unconfirmable on its face should not be approved. *See, e.g., John Hancock Mutual Life Insurance Co. v. Route 37 Business Park Associates*, 987 F.2d 154, 157 (3d Cir.1993), *reh'g denied, en banc*, 1993 U.S. App. LEXIS 2858 (3d Cir. February 19, 1993); *In re Curtis Ctr. L.P.*, 195 B.R. 631 (Bankr. E.D. Pa. 1996) ("A disclosure statement should be disapproved where the plan it describes is patently unconfirmable."); *In re Market Square Inn, Inc.*, 163 B.R. 64 (Bankr. W.D. Pa. 1994) (concluding where a plan was not capable of confirmation, it is "appropriate to refuse approval of the disclosure statement"); *In re 266 Washington Associates*, 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992) ("A disclosure statement will not be approved where, as here, it describes a plan which is fatally flawed and thus incapable of confirmation"), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992).

5. If the Plan on its face cannot be confirmed, then it is incumbent on the Court to decline approval of the Disclosure Statement in order to prevent the diminution in the value of the estate that would result from the expense of soliciting votes and seeking confirmation. *See, e.g., In re Main Street AC, Inc.*, 234 B.R. 771 (Bankr. N.D. Cal 1999); *In re Pecht*, 57 B.R. 137, 139

(Bankr. E.D. Va. 1986) ("If, on the face of the plan, the plan could not be confirmed, then the court will not subject the estate to the expense of soliciting votes and seeking confirmation").

6. To the extent that the Proposed Plan releases prepetition claims and causes of action against non-debtor third parties, which it clearly attempts to do, such releases are improper under Sections 524(e) and 1141(d)(3) of the Bankruptcy Code. In the Third Circuit, third party releases are appropriate only in extraordinary cases where the debtor is reorganizing and the third parties receiving the releases provide substantial consideration to the parties that are enjoined for the loss of their rights against the non-debtors. *In re Continental Airlines*, 203 F.3d 203, 212 (3d Cir. 2000); *In re Coram Healthcare Corp.*, 315 B.R. 321, 335 (Bankr. D. Del. 2004); *In re Zenith Elecs. Corp.*, 241 B.R. 92, 110 (Bankr. D. Del. 1999). The Zenith court identified five factors which are relevant to determine whether non-debtor releases are appropriate:

> (1) an identity of interest between the debtor and non-debtor such that a suit against the non-debtor will deplete the estate's resources; (2) a substantial contribution to the plan by the non-debtor; (3) the necessity of the release to the reorganization; (4) the overwhelming acceptance of the plan and release by creditors and interest holders; and (5) the payment of all or substantially all of the claims of the creditors and interest holders under the plan.

*Zenith*, 241 B.R. at 110 (citing *In re Master Mortgage Inv. Fund, Inc.*, 168 B.R. 930, 937 (Bankr. W.D.Mo.1994)). *See also Continental*, 203 F.3d at 211 (setting forth similar factors); *SEC v. The Drexel Burnham Lambert Group, Inc. (In re The Drexel Burnham Lambert Group, Inc.)*, 960 F.2d 285, 293 (2d Cir. 1992); *cert. dismissed*, 506 U.S. 1088, (1993); *Kane v. Johns- Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 640, 649 (2d Cir. 1988); *Menard- Sanford v. Mabey (In re A.H. Robins Co., Inc.)*, 880 F.2d 694, 702 (4th Cir. 1989), *cert. denied*, 493 U.S. 959 (1989). Courts routinely refuse to confirm plans that include impermissible releases of third parties. *See, e.g., In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 77 (9th Cir. BAP 1994) (holding reorganization plans which proposed to release non-debtor guarantors violated section 524(e) and were therefore unconfirmable); *In re Rohnert Park Auto Parts, Inc.*, 113 B.R. 610, 614-17 (9th

Cir. BAP 1990) (finding that a reorganization plan provision which enjoined creditors from proceeding against co-debtors violated section 524(e)); *In re Keller*, 157 B.R. 680, 686-87 (Bankr. E.D. Wash. 1993) (refusing to confirm a reorganization plan that compelled a creditor to release liens against a non-debtor's property).

7. None of the *Zenith* factors that would warrant the proposed release and injunction seem to be present here.

8. There is no apparent identity of interest between the Debtor and Ader such that the estate's assets would be depleted by any litigation. The proposed Ader release contained in the Proposed Plan does not appear to be in any way necessary to the Debtor's reorganization – nor does the Disclosure Statement provide any such justification for the proposed release and injunction. Additionally, Ader is providing <u>no</u> – let alone "substantial" – consideration to creditors in exchange for the third-party release and injunction contained in the Proposed Plan. Finally, there is nothing in the Proposed Plan that would even suggest that the creditors' claims would be paid in full or substantially satisfied under the Proposed Plan. Accordingly, the release and injunction provided for in the Proposed Plan are impermissible under the Bankruptcy Code and applicable Third Circuit case law. Approving the Disclosure Statement with respect to the Proposed Plan would be futile and, therefore, the Court should not approve the Disclosure Statement.

          Respectfully submitted,

          MATTHEW KATZEFF
          Creditor *Pro Se*

          By: _____
                Matthew Katzeff

Dated: September 11, 2025

Mathew Katieff
345 E. 86th Street
Apt. 16C
NY, NY 10028



USPS Retail
NEW YORK, NY 10022
SEP 11, 2025
$10.77
S2324E501062-8
RDC 99
19801

CERTIFIED MAIL
9589 0710 5270 0351 9166 13

District of Delaware - US Bankruptcy Court
Court Clerk's Office
824 N. Market Street
Wilmington, DE 19801
3rd Floor