IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>26 Capital Acquisition Corp,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11323 (KBO)<br><br>**Re:  D.I. 41, 51, 67, 70 & 73** |

## FOURTH AMENDED NOTICE OF DEPOSITION

**TO:**  26 Capital Acquisition Corp., c/o Cross & Simon, LLC, Attention: Kevin S. Mann, Esq., Cross & Simon, LLC, 1105 North Market Street, Suite 901, Wilmington, DE  19801.

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), made applicable to contested matters in bankruptcy pursuant to Federal Rules of Bankruptcy Procedure 7026, 7030, and 9014, the United States Trustee, by and through his undersigned counsel, will take the deposition upon oral examination of the above-captioned Debtor, 26 Capital Acquisition Corp., in connection with the *Motion of the United States Trustee for Conversion of the Case from Chapter 11 to Chapter 7 of the Bankruptcy Code*, filed on August 22, 2025 (the "Conversion Motion") [D.I. 41] and the relief requested therein, **on Tuesday, December 9, 2025, at 12:30 p.m.**, at the Office of the United States Trustee, 844 King Street Room 2207, Wilmington, DE 19801, or at such other place mutually agreed to by the Office of the United States Trustee and the Debtor.

The deposition will be taken by oral examination.  The deposition will be recorded by sound and transcribed by a reporter.  The deposition may be conducted via video conferencing technology.

Pursuant to Federal Rules of Civil Procedure 30(b)(6), the Debtor must designate one or more persons to testify on its behalf with regard to all matters known or reasonably available to it on the following topics:

**RULE 30(b)(6) DEPOSITION TOPICS**

1. The Conversion Motion and the facts stated therein

2. The Debtor's Plan of Liquidation (the "Plan") [D.I. 34], including the releases, exculpation and injunction provisions thereof.

3. The Disclosure Statement for Debtor's Plan of Liquidation (the "Disclosure Statement") [D.I. 35].

4. The Debtor's Schedules of Assets and Liabilities (the "Schedules") [D.I. 16], including the designation of claims as disputed/undisputed, contingent/noncontingent, and/or liquidated/nonliquidated.

5. The Debtors' Statement of Financial Affairs (the "SOFA") [D.I. 16-1].

6. The litigation captioned at *26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd.*, C.A. No. 2023-0128-JTL (Del. Ch. Ct. 2023) (the "Failed Merger Action"), including the facts underlying such litigation, the settlement of such litigation, and the complaint in intervention seeking to rescind the settlement.

7. The current and past management of the Debtor.

8. The relationship between the Debtor and 26 Capital Holdings LLC (the "Sponsor").

9. Mr. Jason Ader's investments in the Sponsor and SpringOwl Asset Management.

10. Mr. Ader's role in the failure of the Debtor to merge with an operating entity.

11.     The transaction relating to the sale of shares and warrants in the Sponsor to a "family office," and the direct and/or indirect distribution of the proceeds of such sale to Mr. Ader and his mother.

12.     The allegations contained in the lawsuit captioned *Adar1 Cap. Mgmt. LLC v. Ader, et al.*, C.A. No. 2025-0122-JTL (Del. Ch.) D.I. 11 (the "*Adar1* Complaint").

13.     The allegations contained in the lawsuit captioned *Barnes v. Ader, et al.*, C.A. No. 2025-0273-JTL (Del. Ch.), D.I. 15 (the "*Barnes* Complaint").

14.     The Debtor's investigation of any causes of action it may hold against third parties, including (without limitation) claims it may hold against Mr. Ader.

15.     The Debtor's investigation into any derivative claims asserted or assertable against third parties, including the claims asserted in the Adar1 and Barnes Complaints.

16.     The Debtor's investigation into claims asserted against it by Mr. Ader and any other insider.

17.     The Debtor's investigation into the settlement of the Failed Merger Action and allegations that the settlement was the result of self-dealing by Mr. Ader or is otherwise rescindable.

18.     The Debtor's decision to provide releases to Mr. Ader in the Plan and any related investigations.

19.     The Debtor's decision to provide exculpation to Mr. Ader and other insiders in the Plan and any related investigations.

20.     The Debtor's decision to include injunctions in the Plan, the scope of the injunctions, and any related investigations.

21. The Debtor's decision to seek subordination of the Sponsor's claim and any related investigations.

22. The Debtor's decision not to disclose any pending lawsuits asserting direct and derivative claims against Mr. Ader in the Disclosure Statement.

23. The Debtor's intended claims resolution and distribution process under the proposed Plan.

                                        **ANDREW R. VARA**
                                        **UNITED STATES TRUSTEE**
                                        **FOR REGIONS 3 & 9**

*/s/ Linda J. Casey*
Linda J. Casey
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (phone)
Linda.Casey@usdoj.gov

Dated: December 2, 2025

4