# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 26 Capital Acquisition Corp., | Case No. 25-11323 (KBO) |
| Debtor. | |
| 26 Capital Holdings LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 25-_____ (___) |
| 26 Capital Acquisition Corp., | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff 26 Capital Holdings LLC (the "Sponsor" or "Plaintiff"), by and through its undersigned counsel, upon information and belief, submits this Complaint for Declaratory Judgment against Defendant 26 Capital Acquisition Corp. (the "Company" or "Debtor") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to obtain declaratory relief to determine what assets are part of the Debtor's estate. Specifically, Plaintiff seeks a declaratory judgment declaration what portion of the funds paid pursuant to a settlement agreement (the "Settlement Funds" and "Settlement Agreement") between the

Company and Plaintiff, on the one hand, and various non-parties, on the other hand are property of the estate and what portion belong to Plaintiff. Pursuant to the Settlement Agreement, both the Company and Plaintiff are entitled to the Settlement Funds.

2. In filings with this Court, the Debtor has asserted that "all of the Settlement Funds, approximately $10.5 million, could be available to satisfy Allowed Claims." (Disclosure Statement ("DS") § XI.) But the Settlement Funds do not entirely belong to the Debtor. Instead, the Settlement Agreement resulted in the payment of $11 million to the Debtor *and Sponsor*.

3. The Debtor has repeatedly acknowledged and affirmed that a portion of the Settlement Funds belong to Sponsor. For example, in its March 12, 2025, Chancery Court Motion to Use Settlement Funds for Bankruptcy, the Company stated that "The UEC Parties, SPAC, and 26 Capital Holdings LLC ("Sponsor") agreed to a settlement under which the UEC Parties would pay $11 million to SPAC *and Sponsor*." *Id*. at p. 3 (emphasis added). Similarly, the Debtor previously joined with Sponsor to seek approval of a release of a portion of the proceeds for Sponsor's use in paying its own expenses. See *id*. at p. 4 (referencing the prior motion and referring to "SPAC's $250,000 share" of the $500,000 released).

4. A genuine dispute exists concerning the amount of the remaining Settlement Funds that are property of the Debtor's estate and the amount that belongs

to Plaintiff and, therefore, is not part of the estate. Plaintiff is therefore entitled to a judgment declaring its rights to the remaining Settlement Funds.

## JURISDICTION AND VENUE

5. This adversary proceeding arises in and relates to the Debtor's chapter 11 case pending before this Court under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

6. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and includes an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

7. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rules 7008-1 and 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Sponsor consents to the entry of a final order by the Court in connection with this adversary proceeding to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8. Venue for this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

9. The Company is a Delaware corporation. As a special-purpose-acquisition company ("SPAC"), the Company was formed for the purpose of effectuating a merger or similar business combination.

10. The Sponsor is a Delaware limited liability company. At the time of its formation, Sponsor was managed by Jason Ader, who also controlled the Company and is now the Debtor's only director. On November 1, 2023, Rimu Capital Ltd., a member of Sponsor, commenced an action in Chancery Court seeking a declaration that Ader was removed as the Sponsor's Managing Member and was not authorized to act on the Sponsor's behalf.[1] On January 12, 2024, Rimu and Ader entered into a Settlement Agreement pursuant to which, among other things: (i) Ader resigned as the Sponsor's Managing Member effective as of the January 12, 2024; and (ii) Ader acknowledged that Rimu was authorized to appoint a replacement Managing Member. Rimu appointed itself Managing Member.

## FACTUAL ALLEGATIONS

11. On February 2, 2023, the Company filed suit in the Delaware Court of Chancery against Tiger Resort Asia Ltd., Tiger Resort Leisure and Entertainment,

---

[1] *Rimu Capital Ltd. v. Ader*, C.A. No. 2023-1109-JTL (Del. Ch.).

Inc., UE Resorts International, Inc., and Project Tiger Merger Sub, Inc. (collectively, the "UEC Parties") seeking specific performance of a merger agreement (the "Underlying Action").[2] On May 10, 2023, the UEC Parties filed their Second Amended Counterclaims, asserting claims against the Company and the Sponsor. On September 7, 2023, the Court of Chancery denied specific performance and reserved damages issues for a second-phase trial.

12. The Company, Sponsor, and the UEC Parties mediated on October 30, 2023, with former Vice Chancellor Slights. Following that mediation, the UEC Parties, the Company, and the Sponsor agreed to a settlement under which the UEC Parties would pay $11 million to the Company and the Sponsor. The terms are reflected in the Settlement Agreement as follows:

> Within five (5) business days after the Payment Confirmation Date (as defined below), the UEC Parties shall pay, or cause to be paid, $11,000,000 in cash, in immediately available funds, by wire transfer according to instructions to be provided by [the Company and Sponsor's] counsel, which instructions shall be provided on or before the Payment Confirmation Date (the "Settlement Payment"). The Settlement Payment is paid in resolution of all claims.

13. On January 28, 2024, the UEC Parties paid $11 million under the Settlement Agreement to the Company's counsel to be held in escrow. On February 1, 2024, the Company and the Sponsor agreed with Zama Capital Master Fund, LP

---

[2] *26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd.*, C.A. No. 2023-0128-JTL (Del. Ch.).

("Zama") that the funds would be held in escrow until the resolution of Zama's claim against the Company under 8 *Del. C.* § 271, which Zama asserted in the Underlying Action as an intervenor plaintiff.

14. On June 27, 2024, the Company and the Sponsor filed a joint motion in the Underlying Action for an order allowing the Company and Sponsor to use up to $500,000 of the Settlement Funds for their attorneys' fees and expenses. The Court of Chancery granted the motion and the Company and Sponsor each received $250,000.

15. On February 13, 2025, the Court of Chancery entered an Order and Partial Final Judgment in the Underlying Action dismissing Zama's Section 271 claim and requiring that the Settlement Funds continue to be held in escrow pending Zama's appeal:

> Except as may be otherwise ordered by the Court or agreed to in writing by Zama, and without the need for posting of any security, the remaining Settlement Funds of $10,500,000 shall remain in [Debtor's] counsel's escrow account until the deadline for Zama to file a notice of appeal to the Delaware Supreme Court of this Order and Partial Final Judgment or, if an appeal is taken, the final disposition of such appeal.

*26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd.*, 2025 WL 502859, at *1 (Del. Ch. Feb. 13, 2025) (ORDER). Zama timely appealed and its appeal remains pending.[3]

---

[3] *Zama Capital Master Fund, LP v. 26 Capital Acquisition Corp.*, No. 113, 2025 (Del.)

16. On March 12, 2025, the Company filed a motion in the Underlying Action to use up to $500,000 of the remaining $10,500,000 Settlement Funds to pay for professional fees and expenses for filing bankruptcy. On April 11, 2025, the Company and the UEC Parties filed a Stipulation and [Proposed] Order Regarding Equitable Lien Over the Settlement Funds ("Lien Stipulation") in the Underlying Action through which they attempted to give the UEC Parties an equitable lien over the Settlement Funds. On April 23, 2025, Sponsor filed an opposition to the Lien Stipulation on the basis that (among others) Sponsor has an interest in at least a portion of the Settlement Funds and the Company could not unilaterally grant a security interest in the funds without Sponsor's consent. 26 Capital Holdings LLC's Opposition to Stipulation and Order Regarding Equitable Lien Over the Settlement Funds ¶ 26, *26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd.*, C.A. No. 2023-0128-JTL (Del. Ch. June 11, 2025) (ORDER).

17. On May 21, 2025, the Court of Chancery granted the Company's motion to use up to $500,000 of the Settlement Funds to pay professional fees and expenses for filing bankruptcy but denied the Lien Stipulation because Sponsor "raised valid objections to the stipulation." *26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd.*, C.A. No. 2023-0128-JTL, ¶ 3 (Del. Ch. May 21, 2025) (ORDER).

18. The Company filed its chapter 11 bankruptcy case on July 11, 2025.

19. As of this filing, the Sponsor has not received any of the remaining Settlement Funds to which it is entitled.

## COUNT I
### (Declaratory Judgment)

20. Sponsor repeats and realleges the allegations above as if fully set forth herein.

21. This is a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.*

22. An actual controversy exists as to the amount the Sponsor should receive from the Settlement Agreement.

23. The Sponsor requests that the Court declare the Debtor's and Sponsor's respective rights to the Settlement Funds.

## PRAYER FOR RELIEF

WHEREFORE, Sponsor respectfully requests that this Court enter an order:

A. Declaring the Debtor's and Sponsor's respective rights to the Settlement Funds;

B. Awarding Sponsor its fees and expenses, including reasonable attorneys' fees incurred in this action; and

C. Granting such other and further relief as the Court deems proper.

Dated: December 11, 2025  
      Wilmington, Delaware

    */s/ Scott D. Cousins*  
Scott D. Cousins (No. 3079)  
Sean M. Brennecke (No. 4686)  
**LEWIS BRISBOIS BISGAARD & SMITH LLP**  
500 Delaware Ave., Suite 700  
Wilmington, DE 19801  
Phone: (302) 985-6000  
Email: scott.cousins@lewisbrisbois.com  
       sean.brennecke@lewisbrisbois.com

—and—

Gregory A. Blue (*pro hac vice* pending)  
**LACTMAN COHEN & BELOWICH LLP**  
1133 Westchester Ave., Suite N-200  
White Plains, NY 10604  
Phone: (914) 505-6654  
Email:  gblue@lcb-law.com

*Counsel to 26 Capital Holdings LLC*

168440946.1            9